Miomirka DELJEVIC; Anton Deljevic, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 02–3759.

United States Court of Appeals, Sixth Circuit.

May 15, 2003.

Before BOGGS and DAUGHTREY, Circuit Judges; and OBERDORFER, District Judge.[*]

### ORDER

Miomirka Deljevic and Anton Deljevic, natives of the former Yugoslavia, petition through counsel for review of an order of the Board of Immigration Appeals dismissing their appeal from a decision of an Immigration Judge denying their motion to reopen exclusion proceedings. The parties have not requested oral argument, and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

[*] The Honorable Louis F. Oberdorfer, United States District Judge for the District of Co-

The Deljevics, a married couple, entered the United States in 1994. They overstayed their visas and were placed in deportation proceedings. They applied for asylum pursuant to 8 U.S.C. § 1158, arguing that they feared persecution if they returned to their homeland because the husband is an ethnic Albanian. The Deljevics left the country, but returned in 1997, when they were placed in exclusion proceedings, and renewed their application for asylum. A hearing on the merits of their application was scheduled for November 26, 1997. The Deljevics applied for advance parole to leave the country and return again, and were granted such status from September 10, 1997, to February 15, 1998. On the date of the hearing, counsel appeared and informed the Immigration Judge (IJ) that a friend of the Deljevics had called him and informed him that they had left the country on advance parole due to a family emergency. The IJ therefore denied the application for asylum and ordered the Deljevics removed in absentia. Near the end of the advance parole period, the Deljevics returned to this country and moved to reopen the exclusion proceedings, arguing that they had good cause for not attending the hearing because they had been granted advance parole, and asserting that the IJ had promised counsel to reopen the proceedings if they showed that they had been on advance parole. No transcript of the hearing is found in the record to substantiate the latter argument. The IJ denied the motion, concluding that the Deljevics should have moved for a continuance of the hearing, or submitted some evidence of the reason they were required to leave the country for an extended period.

lumbia, sitting by designation.

The Deljevics appealed to the Board of Immigration Appeals (BIA), reasserting their argument that their receipt of advance parole was sufficient to excuse their failure to appear at their hearing. They also moved to remand the proceedings to apply for relief under the Convention Against Torture. The BIA agreed with the IJ that the Deljevics should have moved for a continuance, returned to the country in time to attend their hearing, or submitted some evidence as to why they were required to be absent from the country. The appeal was dismissed and the motion for remand was denied in the same order.

Before this court, the Deljevics make two arguments: their departure from the country rendered the existing exclusion proceedings moot, and new proceedings should have been commenced on their return; or alternatively, their absence from the country on advance parole warrants setting aside the in absentia removal order. They advance no claim regarding their motion to remand to apply for relief under the Convention Against Torture.

This court reviews the denial of a motion to reopen for an abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). An abuse of discretion will be found where the denial is without rational explanation, is an inexplicable departure from established policy, or rests on an impermissible basis. *Balani v. INS*, 669 F.2d 1157, 1160–61 (6th Cir. 1982). The Deljevics have not established that the BIA abused its discretion in dismissing their appeal from the denial of their motion to reopen.

The first argument, that their departure from the country required new proceedings to be commenced on their return, was never raised before the IJ or the BIA, and therefore need not be reviewed by this court. *Zhang v. INS*, 274 F.3d 103, 107 (2d Cir.2001); *Farhoud v. INS*, 122 F.3d 794, 797 (9th Cir.1997).

Both arguments rest on a misunderstanding of the purpose of advance parole. Advance parole allows an alien to leave this country with the understanding that they may be paroled into the country on their return, provided they meet certain conditions. *Balogun v. Attorney General*, 304 F.3d 1303, 1308 (11th Cir.2002). If an alien has an application pending before the INS, advance parole allows them to leave and reenter without jeopardizing those proceedings. *Barney v. Rogers*, 83 F.3d 318, 321 (9th Cir.1996). The Deljevics point to no authority for the proposition that leaving the country on advance parole renders pending proceedings moot or establishes prima facie evidence that they have good cause for not appearing at a scheduled hearing of which they had notice and failed to move for a continuance. The BIA explained that the Deljevics had nearly three months from when they were issued advance parole on September 10 to inform their attorney that they needed a continuance of the November 26 hearing. Alternatively, they could have returned to the country in time for the hearing. A third option would have been to include any information in their motion for reopening which would indicate why their lengthy absence was justified. Because the motion contained no explanation, the BIA did not abuse its discretion in dismissing their appeal from its denial. Accordingly, the petition for review is denied.