**Qui Guan Di ZHANG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 99–4106.**

United States Court of Appeals, Second Circuit.

Argued April 5, 2001.

Decided Dec. 10, 2001.

Theodore N. Cox, New York, NY, for Petitioner.

Gideon A. Schor, Assistant United States Attorney, New York, NY (Mary Jo White, United States Attorney for the Southern District of New York, James A. O'Brien III, Special Assistant United States Attorney, Diogenes P. Kekatos, Assistant United States Attorney, on the brief), for Respondent.

Before: KEARSE, CABRANES, and KATZMANN, Circuit Judges.

KEARSE, Circuit Judge.

Petitioner Qui Guan Di Zhang ("Zhang"), an alien who was not admitted to the United States and who is subject to removal by reason of his conviction of conspiracy to smuggle other aliens into the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) (Supp. II 1996), petitions under the Immigration and Nationality Act, as amended ("INA" or the "Act"), 8 U.S.C. § 1101 *et seq.* (Supp. IV 1998), for review of so much of a decision of the Board of Immigration Appeals ("BIA" or the "Board") as denies him relief in the form of withholding of removal. The Board, reversing a decision by an immigration judge ("IJ"), denied withholding of removal on the grounds, *inter alia*, that Zhang's conspiracy offense constituted a "particularly serious crime" within the meaning of 8 U.S.C. § 1231(b)(3)(B)(ii), and that Zhang failed to establish a clear probability of persecution for his political opinion if returned to his homeland. Zhang challenges these findings and contends that the Board should not have overturned credibility determinations by the IJ in his favor. Respondent Immigration and Naturalization Service ("INS") contends (a) that we lack jurisdiction to entertain Zhang's petition for review because his alien-smuggling conspiracy offense is, *inter alia*, an aggravated felony, and (b) that if we have jurisdiction, the Board's determinations should be upheld. For the reasons that follow, we dismiss the petition for lack of jurisdiction.

## I. BACKGROUND

Zhang is a native and citizen of the People's Republic of China ("China"). In August 1997, he was interdicted at sea by the United States Coast Guard during an attempt to smuggle 69 Chinese nationals into the United States. He was thereafter indicted on a charge of conspiring to smuggle aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), and pleaded guilty to that offense. At his plea hearing, he testified that he had left China because of persecution in relation to family planning policies; that he had meant to enter the United States surreptitiously; and that he had initially been only a passenger on the boat but had eventually aided the smugglers by piloting the boat for the captain. In December 1997, Zhang was sentenced to time served.

In the meantime, in September 1997, the INS had commenced removal proceedings against Zhang under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), contending that he was removable as an intended immigrant not in possession of valid entry documentation required by the INA. After Zhang's conviction, the INS added a charge that Zhang was also removable pursuant to INA § 212(a)(6)(E)(i), which provides that "[a]ny alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible." 8 U.S.C. § 1182(a)(6)(E)(i). The additional charge stated that Zhang's alien-smuggling conspiracy conviction was a conviction of an aggravated felony under INA § 101(43)(N), 8 U.S.C. § 1101(a)(43)(N).

Zhang applied for asylum and for withholding of removal pursuant to INA §§ 208(b) and 241(b)(3), 8 U.S.C. §§ 1158(b) and 1231(b)(3), claiming past persecution by Chinese authorities in connection with that country's birth-control policies and asserting that if returned to China, he would be subjected to, *inter alia*, imprisonment or forced sterilization. Hearings were held before the IJ, and Zhang described at length his family-planning experiences in China.

In a Decision and Order dated December 24, 1998 ("IJ Decision"), the IJ ruled that Zhang had been convicted of an aggravated felony, which, under §§ 208(b)(2)(A)(ii) and 208(b)(2)(B)(i) of the Act, 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i), made him statutorily ineligible for asylum. *See* IJ Decision at 9. The IJ concluded, however, that Zhang was not ineligible for relief in the form of withholding of removal. Though noting that that relief is not available to an alien who has been convicted of a "particularly serious crime," INA § 241(b)(3)(B)(ii), 8 U.S.C. § 1231(b)(3)(B)(ii), the IJ ruled that given the facts of the case and the light sentence imposed, Zhang's crime was not particularly serious. Further, finding his testimony credible in spite of various inconsistencies, the IJ determined that Zhang had established that, if returned to China, he would more likely than not "be persecuted on the basis of his political opinion." IJ Decision at 16. The IJ ordered that Zhang be granted withholding of removal.

Zhang did not appeal the IJ's findings that he had been convicted of an aggravated felony, that he was removable, and that he should be denied asylum. The INS, however, appealed the IJ's ruling that Zhang was entitled to withholding of removal. In a Decision dated July 21, 1999 ("BIA Decision"), the Board, with one judge dissenting, reversed the IJ's withholding ruling for several reasons. First, the Board found Zhang ineligible for that relief because he had been convicted of a "particularly serious crime" within the

meaning of INA § 241(b)(3)(B)(ii). It noted that Zhang "knowingly assisted in smuggling 69 aliens into the United States," that the trip "took 47 days across the ocean, and was therefore necessarily a larger and more organized smuggling operation," and that the "risks to the aliens aboard the ship were enormous." BIA Decision at 2. Although recognizing that Zhang had not been involved in "the organizational aspects of the smuggling enterprise" and that the sentence imposed on him for his role in the conspiracy was light, the Board nonetheless found that "the type and circumstances of this smuggling enterprise—the number of aliens involved, and the length and nature of the voyage—lead us to conclude that this is a particularly serious crime." *Id.* at 2–3. Second, the Board also found that even if the crime were not "particularly serious," inconsistencies in Zhang's story rendered his testimony incredible and thus incapable of "satisfy[ing] the burdens of proof and persuasion necessary" for relief in the form of asylum or withholding of removal. *Id.* at 5. Further, the Board found that even if his testimony were credible, Zhang had not established a clear probability of future or past persecution on account of his political opinion, *see id.* at 6; 8 U.S.C. § 1231(b)(3), in part because the threats against Zhang were not a result of Chinese policy but were an attempt at personal revenge by a particular official, BIA Decision at 6. The Board vacated the IJ's decision granting withholding of removal and ordered Zhang removed from the United States.

## II. DISCUSSION

Zhang has petitioned for review of the order of removal. Although he does not challenge the findings that he was convicted of an aggravated felony and is therefore removable, he contends that the BIA erred as a matter of law in finding that he (a) was convicted of a "particularly serious crime" and (b) failed to prove likely homeland persecution. The INS, though defending the BIA Decision on its merits, contends that we should not reach the merits but should dismiss the petition on the ground, *inter alia*, that Zhang's smuggling conspiracy offense is an aggravated felony and that the INA denies the courts of appeals jurisdiction to entertain petitions for review by persons convicted of such crimes, *see* 8 U.S.C. § 1252(a)(2)(C). Zhang, while conceding that he is an alien and that he committed an aggravated felony as defined for these purposes, argues that we have jurisdiction because § 1252(a)(2)(C) applies only to aliens who have been admitted to the United States, not to aliens such as Zhang who were intercepted before entry and not admitted. For the reasons that follow, we reject Zhang's jurisdictional argument and dismiss the petition on the ground that review by this Court of the removal order is unavailable to Zhang as an alien convicted of an aggravated felony.

Removal proceedings initiated after April 1, 1997, are governed by the INA as amended by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). Prior to IIRIRA, the INA used the term "deportation" with respect to the expulsion of aliens who had entered or been admitted to the United States and the term "exclusion" with respect to the expulsion of aliens who (actually or in theory) had been intercepted before entry into the United States. IIRIRA eliminated some of the distinctions between deportation and exclusion proceedings, "classifying as 'removal' proceedings the previously separate 'deportation' and 'exclusion' proceedings." *Rojas–Reyes v. INS*, 235 F.3d 115, 120 (2d Cir.2000); *see Calcano–Martinez v. INS*, 533 U.S. 348, 121 S.Ct. 2268, 2269 n. 1, 150 L.Ed.2d 392 (2001); *Rich-*

*ardson v. Reno,* 162 F.3d 1338, 1346 (11th Cir.1998). Under the new INA § 240(e)(2), "removable" means, "in the case of an alien not admitted to the United States, that the alien is inadmissible under section 1182 of this title, or[,] ... in the case of an alien admitted to the United States, that the alien is deportable under section 1227 of this title," 8 U.S.C. § 1229a(e)(2). "[A]dmission" to the United States is defined as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).

Under IIRIRA, the initial proceedings to determine an alien's removability—*i.e.,* his inadmissibility or deportability—are held before an IJ. *See* INA § 240(a)(1), 8 U.S.C. § 1229a(a)(1). After a decision by the IJ, appeal may be taken to the BIA. A failure to appeal the IJ's decision to the Board renders the IJ's decision final, *see* 8 U.S.C. § 1101(a)(47)(B)(ii); a litigant is generally not entitled to judicial review of a contention not argued to the Board, *see* § 1252(d)(1).

IIRIRA also placed significant limitations on direct judicial review of determinations of removability. As amended, INA § 242(a)(2)(C) (the "jurisdiction-stripping provision") provides, in pertinent part, that

> [n]otwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii) ... of this title....

8 U.S.C. § 1252(a)(2)(C). Section 1227(a)(2)(A)(iii) of Title 8 states that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii) (the "aggravated felony deportation provision"). Thus, as to aliens who were "convicted of 'aggravated felonies' within the meaning of the relevant statutes, the plain language of § 1252(a)(2)(C) fairly explicitly strips the courts of appeals of jurisdiction to hear their claims on petitions for direct review." *Calcano–Martinez v. INS,* 121 S.Ct. at 2270 (footnote omitted); *see also id.* ("[f]inding no support in the text or history of § 1252 for concluding that the courts of appeals retain jurisdiction to hear [such] petitions"); *Ming Lam Sui v. INS,* 250 F.3d 105, 110 (2d Cir.2001) ("[ ]IIRIRA[ ] stripped the federal courts of jurisdiction to review any final removal order against an alien 'who is removable by reason of having committed' an aggravated felony" (quoting 8 U.S.C. § 1252(a)(2)(C))).

All of the petitioners in the above matters to which the jurisdiction-stripping provision in 8 U.S.C. § 1252(a)(2)(C) was applied were aliens who had been admitted to the United States. Zhang contends that that provision is inapplicable to him, however, because it refers to 8 U.S.C. 1227(a)(2)(A)(iii), which, in turn, refers only to an " 'alien who is convicted of an aggravated felony *at any time after admission* '" (Zhang reply brief on appeal at 3 (quoting 1227(a)(2)(A)(iii)) (emphasis in brief)). Zhang argues that because he was interdicted at sea by the United States Coast Guard, he never satisfied the requirement of admission, to wit, lawfully entering the United States after inspection and authorization by an immigration officer; that his aggravated felony conviction thus did not occur "after admission," as envisioned by § 1227(a)(2)(A)(iii); and that § 1252(a)(2)(C) thus does not deny us jurisdiction to review the order for his removal. We reject this argument because it is based on a misreading of 8 U.S.C. § 1252(a)(2)(C).

The pertinent part of section 1252(a)(2)(C) plainly seems intended to encompass a larger category of persons than

those mentioned in § 1227(a)(2)(A)(iii). Section 1252(a)(2)(C) does not import the terms of § 1227(a)(2)(A)(iii) wholesale. It does not say, for example, that review "is unavailable for the persons referred to in § 1227(a)(2)(A)(iii)," or "is unavailable for the persons deportable under" that section. Rather, § 1252(a)(2)(C) refers to § 1227(a)(2)(A)(iii) not for its description of persons but solely for its cataloguing of crimes. In stating that review of a final removal order is unavailable for "an alien who is *removable* by reason of having committed *a criminal offense covered in*" the aggravated felony deportation provision, § 1252(a)(2)(C) simply states that certain aliens who are removable have no right to direct review; and it identifies them as the aliens who have committed a criminal offense of the class set forth in § 1227(a)(2)(A)(iii). The criminal offenses set forth in § 1227(a)(2)(A)(iii) are aggravated felonies. Whether an offense is an aggravated felony is a matter of statutory definition; and, absent a change in definition, the character of the offense does not turn on whether the person committing it was an admitted or an unadmitted alien or on the timing of its commission. We conclude that the language of § 1252(a)(2)(C) does not support Zhang's position.

 Further, it is beyond cavil that one of Congress's principal goals in enacting IIRIRA was to expedite the removal of aliens who have been convicted of aggravated felonies. *See, e.g., Moore v. Ashcroft*, 251 F.3d 919, 925 (11th Cir.2001) ("One of Congress' goals in enacting reforms to the INA was to expedite the removal of criminal aliens from the United States."). In light of that goal, we think it unlikely that Congress meant to deny judicial review of removal orders only for aliens who had been lawfully admitted to the United States and to allow such review for aggravated felons who had never been admitted.

 In sum, although we would have jurisdiction, if the issue were properly preserved, to determine underlying jurisdictional facts such as whether there was a conviction and whether the offense of conviction was an aggravated felony, *see Ming Lam Sui v. INS*, 250 F.3d at 110, and although an alien in custody could seek relief by way of a petition for habeas corpus in the district court, *see, e.g., Calcano–Martinez v. INS*, 121 S.Ct. at 2270, this Court has no jurisdiction to entertain a petition for review of an order of removal brought by an alien removable because of his commission of an aggravated felony.

As it is undisputed that alien smuggling, with exceptions not pertinent here, is an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(N), that Zhang was convicted of alien smuggling, and that by reason of that conviction he is removable, we have no jurisdiction to entertain the present petition.

## CONCLUSION

We have considered all of Zhang's arguments in support of jurisdiction and have found them to be without merit. Having determined that review in this Court is unavailable, we do not address the merits of the petition. The petition for review is dismissed for lack of jurisdiction.