### JIN SHEN NI, Petitioner,

v.

### Alberto R. GONZALES, United States Attorney General,[1] Respondent.

### No. 04–2468–AG NAC.

United States Court of Appeals, Second Circuit.

Nov. 21, 2005.

Karen Jaffe, New York, NY, for Petitioner.

David R. Dugas, United States Attorney, Tara A. Hingle, Catherine M. Maraist, Assistant United States Attorneys, Baton Rouge, LA, for Respondent.

PRESENT: CABRANES, RAGGI, and WESLEY, Circuit Judges.

Petitioner Jin Shen Ni, through counsel, petitions for review of the BIA decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled

---

**1.** Attorney General Alberto R. Gonzales has been substituted for his predecessor as the respondent in this matter. *See* Fed. R.App. P. 43(c)(2).

to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang*, 386 F.3d. at 71.

The adverse credibility determination was supported by substantial evidence. As the BIA noted there were inconsistencies between the written applications and between the written applications and the testimony. Specifically, in one written statement Ni indicated that he was threatened with sterilization as punishment for notifying people that their names were on the list of family planning violators, but did not mention that in his other statement, or at the hearing. Also, Ni's wife did not mention his detention in her letter. In addition, in one statement Ni indicated that he returned home after his initial escape, but in his other statement and his testimony he indicated that he hid at a friend's home and then fled China. Finally, in one written statement he did not indicate that his wife had an abortion, but the other statement and his testimony indicated that she had a forced abortion in 1991. Because these inconsistencies are not minor, but instead directly relate to the heart of his claim, either that he was persecuted because his wife had a forced abortion or because he resisted family planning authorities and was detained, the BIA did not err by affirming the IJ's denial of asylum and withholding of removal. *See Zhou Yun Zhang*, 386 F.3d at 71, 74; *Diallo*, 232 F.3d at 288. As Ni did not raise his CAT claim before the BIA or in this Court, the claim has been waived. *See Qui Guan Di Zhang v. INS*, 274 F.3d 103, 107 (2d Cir.2001)

For the foregoing reasons, the petition for review is denied, the BIA's order is affirmed, and the motion for a stay of removal is denied as moot.