CHUN HUA LIU, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General,[1] Respondent.

No. 04–3233–AG NAC.

United States Court of Appeals, Second Circuit.

Nov. 22, 2005.

---

1. Attorney General Alberto R. Gonzales has been substituted for his predecessor as the respondent in this matter. *See* Fed. R.App. P. 43(c)(2).

G. Victoria Calle, New York, NY, for Petitioner.

Kasey Warner, United States Attorney, Joanne M. Vella, Assistant United States Attorney, Charleston, WV, for Respondent.

PRESENT: RAGGI, WESLEY, and HALL, Circuit Judges.

Petitioner Chun Hua Liu ("Liu"), through counsel, petitions for review of the BIA decision affirming, without opinion, the Immigration Judge's ("IJ") denial of asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA affirms without opinion, this Court reviews the IJ's decision, *see Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005), reviewing the IJ's factual findings under the substantial evidence standard, and overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary, *see* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See id.* at 287. Finally, while we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang*, 386 F.3d at 74, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales*, 331 F.3d at 307, 312. As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhang*, 386 F.3d. at 71.

The IJ's adverse credibility determination was supported by substantial evidence. The IJ noted a number of factors in support of his determination that: the petitioner was not credible. (1) Liu did not indicate the date of his arrest, a seminal fact bearing on his application for asylum. (2) With respect to the elections

which Liu claimed to have protested, Liu's father indicated it took place in 1997, but Liu indicated it was held in 1999.(3) Liu testified at the hearing that he had been beaten by the police, following his arrest, yet neither Liu, in his written asylum application, nor Liu's father, in a letter submitted in evidence, ever mentioned that fact. (4) With respect to the event precipitating Liu's flight from China, Liu indicated in his testimony that the police came to his home in September 2001. Both his written application and his father's statement, however, indicated that the police visit occurred in August 2001.(5) Liu testified that he was the only person arrested at the demonstration that he led to protest the election, but his father's statement and his written application both indicated that others also were arrested. As the inconsistencies between Liu's testimony and the other evidence all relate to the incidents at the heart of Liu's asylum claim, his alleged arrest and detention following a political protest in 1999, they are a proper ground upon which to base an adverse credibility determination. *See Zhou Yun Zhang,* 386 F.3d at 74.

Moreover, the IJ also determined that Liu did not have a well-founded fear of persecution because he could relocate within China as his only dispute was with specific village officials. That determination is also a proper basis for the denial of asylum and withholding and Liu waived a challenge to the finding by failing to raise it on appeal. *See Qui Guan Di Zhang v. INS,* 274 F.3d 103, 107 (2d Cir.2001). Liu also waived his CAT claim by failing to raise it before this Court. *Id.*

For the foregoing reasons, the petition for review is denied and the BIA's order is affirmed.