**YU LIANG YANG, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 04–2677–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2).

Grace Victoria Calle, New York, NY, for Petitioner.

Gretchen C.F. Shappert, United States Attorney, Western District of North Carolina, Amy Ray, Assistant United States Attorney, Asheville, NC, for Respondent.

PRESENT: RAGGI, WESLEY, and HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Yu Liang Yang ("Yang") petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering his removal to China and denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case.

■ Under 8 U.S.C. § 1252(d), a petitioner seeking review of a BIA decision must statutorily exhaust all administrative remedies in order for a federal court to review a final order of removal. *See Theodoropoulos v. I.N.S.*, 358 F.3d 162, 171–72 (2d Cir.2004); *see also Zhang v. I.N.S.*, 274 F.3d 103, 107 (2d Cir.2001) (litigant not entitled to judicial review of contentions not argued before the BIA). Although there are exceptions to this exhaustion requirement under the principles of judicial exhaustion, "courts are required to strictly enforce statutory exhaustion requirements." *Theodoropoulos*, 358 F.3d at 172. Here, Yang is precluded from raising his claim that the IJ failed to give him adequate opportunity to explain the delay in filing his asylum application. Because Yang never raised this claim in the proceedings below, he has failed to exhaust his administrative remedies. In any event, Section 1158(a)(3) of Title 8 provides that no court shall have jurisdiction to review any determination with respect to the timeliness of an application for asylum. Therefore, Yang's petition for review as to his asylum claim is dismissed.

Turning to the withholding of deportation claim, this Court reviews an IJ's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales*, 331 F.3d 297, 307 (2d Cir. 2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). In *Diallo*, this Court found that, when evaluating the sufficiency of the evidence presented by an asylum candidate, an IJ must: (1) "decide explicitly" whether or not the candidate's testimony was credible (without relying exclusively on the lack of corroborating evidence); and, if credible, (2) determine whether additional corroboration is nonetheless necessary for the candidate to meet his or her burden of proof. *See Diallo*, 232 F.3d at 287–90. This Court explained that an explicit credibility determination is important to ensure an alien the "potential benefit" of succeeding on credible testimony alone, as well as to ensure that appellate review of such a determination is preserved. *See id.* at 287.

■ Here, the IJ failed to make an explicit credibility determination. Although the IJ pointed out inconsistencies in Yang's testimony, the IJ failed to conclude that such inconsistencies rendered the tes-

timony, as a whole, incredible. With respect to the so-called "abortion certificate," the authenticity of which was questioned by the IJ, the IJ failed to explain in adequate detail whether he determined it was in fact fraudulent, and if not why it was reasonable to expect Yang to produce an abortion certificate that had not been obtained as a result of a bribe, or why Yang's explanations for his procurement of the certificate were insufficient. Thus, the IJ failed to meet the standards set by this Court in *Diallo*. Therefore, Yang's petition for review as to his withholding of removal claim is granted.

For these reasons, the petition for review is GRANTED IN PART and DISMISSED IN PART and the case is REMANDED to the BIA for proceedings consistent with this order.