**FEI MIN ZHANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–2565–ag.

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

Farah Loftus, Los Angeles, CA, for Petitioner.

Christopher J. Christie, United States Attorney, Peter W. Gaeta, Assistant United States Attorney, Newark, NJ, for Respondent.

PRESENT: Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Fei Min Zhang ("Zhang") petitions, through counsel for review of the BIA's decision affirming the immigration judge's ("IJ") denial of asylum, withhold-

ing of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See id.* at 287. Finally, while we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang*, 386 F.3d at 74, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales*, 331 F.3d at 307, 312.

The IJ's adverse credibility determination was not supported by substantial evidence. The IJ made a number of findings to support his determination that Zhang and Chen were not credible, and, thus, found that they were not persecuted in the past, and had no well-founded fear of persecution. Because the majority of the findings were based on minor inconsistencies or speculation, they do not support a denial of asylum. *See Diallo*, 232 F.3d at 288; *Secaida–Rosales*, 331 F.3d at 307, 312.

Specifically, the IJ determined that Zhang and her husband, Chen, failed to testify regarding their fear of sterilization, but the record reflects testimony on that topic. Second, the IJ should not have relied on the 1997 date of the notarial birth certificates, because there was only a minor inconsistency in the testimony on the issue and there is no link to the basis of the asylum claim. *See Diallo*, 232 F.3d at 288. Third, the IJ focused on inconsistencies regarding Zhang's reasons for not getting married in China, failing to explain how her decision not to get married related to the issue of whether she was persecuted. Fourth, although the fact that Zhang and Chen are now married and have only one child may be a relevant factor in determining whether Zhang and Chen had a well-founded fear of persecution, it does not reflect on their credibility. Fifth, additional corroboration that Zhang went into hiding, in addition to Chen's uncle's letter, the written application, and the testimony, could not reasonably be expected. *Id.* at 288–89. Sixth, the IJ's determination that it was implausible that the Chinese government did not impose fines in this case or require Zhang to submit to medical exams or an IUD insertion was purely speculative, specifically in light of Zhang's testimony that only married couples were subject to the checkups and IUDs because other types of relationships were not registered with the government. *See Secaida–Rosales*, 331 F.3d at 307, 312.

Because the IJ based many of his findings on minor inconsistencies, unrelated to the basis of the claim—and on speculation—and failed to fully consider or com-

prehend Zhang and Chen's testimony, the denial of asylum is not supported by substantial evidence. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004).

Because petitioner did not raise her CAT claim on appeal, that claim is waived. *See Qui Guan Zhang v. INS,* 274 F.3d 103, 107 (2d Cir.2001).

For the foregoing reasons, the petition for review is affirmed in part as to the denial of relief under CAT, and granted in part as to denial of asylum, and as to the denial of asylum the BIA's 2004 Order is vacated, the motion for a stay of removal is denied as moot, and the case is remanded to the BIA for further proceedings consistent with this Order.