**Chuan Kong NI, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 03–40067–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 9, 2005.

Karen Jaffe, New York, NY, for Petitioner.

Susan W. Brooks, United States Attorney, Debra G. Richards, Assistant United States Attorney, Office of the United States Attorney for the Southern District of Indiana, Indianapolis, Indiana, for Respondent.

PRESENT: CARDAMONE, KATZMANN, and B.D. PARKER, Circuit Judges.

Petitioner Chuan Kong Ni, through counsel, petitions for review of a BIA decision affirming an immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA summarily affirms the IJ, this Court reviews the IJ's decision as the final agency determination. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We first note that as to Ni's asylum claim, the IJ found that Ni had failed to establish that he had applied for asylum within one year of his arrival in the United States, as required under 8 U.S.C. § 1158(a)(2)(B). On this ground alone—which Ni has failed to challenge on appeal—his asylum claim must fail.

Moreover, with respect to the IJ's evaluation of Ni's asylum claim on the merits, we find that the IJ's adverse credibility determination was supported by substantial evidence. This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); *Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). In the instant case, the transcript of the asylum hearing indicates that Ni was frequently hesitant and non-responsive when asked even basic questions on cross-examination. Further, the IJ pointed to numerous inconsistencies

regarding the events on the day Ni's wife was allegedly sterilized and where she hid during her second pregnancy. Additionally, the IJ noted that the available corroborating document, which indicated that Ni and his wife had permission to have a second child, was inconsistent with Ni's claim. Because these issues directly related to the basis of Ni's claim, such inconsistencies provided substantial support for the adverse credibility determination. *See,* e.g. Zhang, 386 F.3d at 74. Because Ni does not address his CAT claim in this Court, he has waived any challenge to the IJ's denial of CAT relief. *See Qui Guan Di Zhang v. INS,* 274 F.3d 103, 107 (2d Cir.2001).