**Aleksandr Nikonovich MALYARCHUK,
Lidiya Sergeevna Malyarchuk,
Petitioners,**

**v.**

**Alberto R. GONZALES,\* United States Attorney General, Respondent.**

**Nos. 04–0981AGL, 04–0986AGCON.**

United States Court of Appeals, Second Circuit.

Dec. 16, 2005.

Isabella Mayzel, Springfield, N.J., for Petitioners.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Heather R. Phillips, Assistant United States Attorneys, Washington, D.C., for Respondent.

Present: KEARSE, STRAUB, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the petitions for review of decisions of the Board of Immigration Appeals ("BIA") be and they hereby are DENIED.

Petitioners Aleksandr Nikonovich Malyarchuk and Lidiya Sergeevna Malyarchuk, through counsel, petition for review of decisions of the BIA dated October 9, 2003 ("October 2003 decisions"), affirming orders of the immigration judge ("IJ") denying their applications for asylum and withholding of removal, and for review of the January 28, 2004 decisions ("January 2004 decisions") of the BIA denying their joint motion for reconsideration of the October 2003 decisions. We assume the parties' familiarity with the underlying facts and procedural history.

To obtain review of both an order denying reconsideration and the underlying or-

der of which reconsideration was sought, the applicant must file separate petitions for review of each order. *See generally Durant v. INS,* 393 F.3d 113, 115 (2d Cir.2004) ("final orders of removal and orders denying motions to reopen are treated as separate final orders and require separate petitions for review"). A petition for review of the denial of a motion to reconsider calls up for review only the merits of the denial of that motion, not the merits of the decision as to which reconsideration is sought; absent a timely petition for review of the underlying decision, this Court is precluded from passing on the merits of that underlying decision. *See, e.g., Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005); *see also* 8 C.F.R. § 1003.2(a).

The Malyarchuks' petitions for review were filed on February 25, 2004, and although petitioners argue that the BIA's October 2003 decisions are erroneous, their petitions are timely only with respect to the BIA's January 2004 decisions denying reconsideration. Accordingly, our review is confined to the merits of the denials of reconsideration. The brief submitted by the Malyarchuks in support of their petitions discusses only the BIA's October 2003 decisions, not the January 2004 decisions, and provides no basis for a conclusion that the January 2004 decisions constituted an abuse of discretion.

Petitioners also ask this Court to grant them relief under the Convention Against Torture ("CAT"). However, since they did not seek relief under CAT before the BIA, we have no jurisdiction to grant such re-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

lief. *See* 8 U.S.C. § 1252(d)(1) (2000); *Qui Guan Di Zhang v. INS,* 274 F.3d 103, 107 (2d Cir.2001) ("[A] litigant is generally not entitled to judicial review of a contention not argued to the B[IA].")

We have considered all of petitioner's contentions in support of these petitions for review and have found them to be without merit. The petitions for review are denied.