**YI QING WANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–1175–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2005.

Yi Qing Wang, New York, New York, for Petitioner, pro se.

Ronald J. Tenpas, United States Attorney for the Southern District of Illinois, Robert L. Garrison, Assistant United States Attorney, Fairview Heights, Illinois, for Respondent.

Present: Honorable AMALYA L. KEARSE, Honorable CHESTER J. STRAUB, and Honorable SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner *pro se* Yi Qing Wang petitions for review of the BIA's February 9, 2004 order denying his motion to reconsider its prior decision affirming the order of the immigration judge ("IJ") denying asylum

and withholding of removal. We assume the parties' familiarity with the underlying facts and the procedural history.

A petition for review of the denial of a motion to reconsider calls up for review only the merits of the denial of that motion, not the merits of the decision as to which reconsideration is sought; absent a timely petition for review of the underlying decision, this Court is precluded from passing on the merits of that underlying decision. *See, e.g., Ke Zhen Zhao v. U.S. Department of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). Wang's petition for review is timely only with respect to the BIA's order denying reconsideration. Accordingly, our review is confined to the merits of the denial of reconsideration.

A motion to reconsider must specify errors of fact or law in the prior decision and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1) (2005). We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005); 8 C.F.R. § 1003.2(a). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies ..., is devoid of any reasoning, or contains only summary or conclusory statements ...; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d at 93.

In the present matter, Wang's motion to reconsider was more detailed than his original appeal to the BIA, in that his motion argued that the IJ erred in finding his supporting documentation not credible. The BIA, however, stated that it was unpersuaded by Wang's new arguments that it had erred in affirming the IJ's decision, and Wang's petition does not demonstrate that, in arriving at this result, the BIA abused its discretion.

Wang also asks this Court to grant him relief under the Convention Against Torture ("CAT"). However, since he did not seek such relief before the BIA, we have no jurisdiction to grant such relief. *See* 8 U.S.C. § 1252(d)(1) (2000); *Qui Guan Di Zhang v. INS,* 274 F.3d 103, 107 (2d Cir. 2001) ("[A] litigant is generally not entitled to judicial review of a contention not argued to the B[IA].").

We have considered all of petitioner's contentions that are properly before us in support of this petition for review and have found them to be without merit. The petition for review is denied.