Ting Jie LI, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40222–AG.

United States Court of Appeals, Second Circuit.

Jan. 20, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Michael M. Purpura, Assistant United States Attorney, Office of United States Attorney for the District of Hawaii, Honolulu, Hawaii, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. PIERRE N. LEVAL, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED**.

Ting Ji Li petitions for review of an order of the BIA affirming an order of an immigration judge ("IJ") denying his application for asylum and withholding of removal, finding him ineligible for Convention Against Torture ("CAT") relief, and ordering him removed to China. We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues and hold as follows:

The BIA properly denied Li's application for asylum because Li failed to demonstrate that he suffered or would suffer harm in China based on his membership in any particular group. A " 'particular social group' has been defined to encompass 'a collection of people closely affiliated with each other, who are actuated by some common impulse or interest.' " *Gomez v. INS,*

947 F.2d 660, 664 (2d Cir.1991) (citations omitted). In *Gomez,* this Court rejected an alien's attempt to define her "particular social group" as women who had previously been attacked by guerrillas, finding that the alien had failed to produce evidence of common characteristics other than youth and gender and had not demonstrated that she was more likely to be persecuted than any other young woman. *Id.* The social group posited by Li is even more loosely associated than the women in *Gomez.* Li alleges a social group arguably consisting of his cousin and a number of unidentified persons who have been extorted by various government officials at unspecified times in his general locality. Li has offered no evidence of common characteristics of this social group other than the "broadly-based" characteristic of being owners of property and having been the victim of extortion, much less shown that this group is "a collection of people closely affiliated with each other." *Gomez,* 947 F.2d at 664. Because Li has failed to establish his eligibility for asylum, he cannot show any entitlement to withholding of removal. *See Chen v. INS,* 359 F.3d 121, 127 (2d Cir. 2004) ("an inability to establish eligibility for asylum necessarily precludes ability to establish eligibility for withholding of deportation").

The BIA and the IJ summarily denied relief under CAT. *See* AR at 2, 21–28. Li does not challenge their conclusions on appeal, which are, moreover, supported by the record because Li failed to establish that "it is more likely than not that [he will] be tortured if removed to [China]." *Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003). This Court declines to consider Li's argument that he was subject to economic persecution based on his political opinion, because he did not raise this claim in his appeal to the BIA. *See Zhang v. INS,* 274 F.3d 103, 107 (2d Cir.2001) (liti-

gant not entitled to judicial review of contentions not argued before the BIA); *see also* 8 U.S.C. § 1252(d)(1) (petitioners must have exhausted all administrative remedies).

For these reasons, the petitioner for review is **DENIED**.