**JIAN MIN ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States,\* Respondent.**

No. 05–0033–AG.

United States Court of Appeals, Second Circuit.

March 7, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is substituted automatically for for-mer Attorney General John Ashcroft as respondent in this case.

Michael Brown, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney, District of New Jersey, Jafer Aftab, Assistant United States Attorney, Newark, NJ, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 7th day of March, two thousand and six.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review be DENIED.

Petitioner, Jian Min Zhang, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming the decision of the Immigration Judge ("IJ") rejecting the petitioner's applications for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004).

█ In support of an adverse credibility finding, the IJ, in pertinent part, found that: (1) Zhang had testified inconsistently with regard to the efforts by authorities to apprehend him after Zhang fled to the United States; (2) Zhang had provided inconsistent and confusing testimony with regard to whether his employee, who had also provided a letter in support of Zhang's asylum application, assisted Zhang during the altercation with public security officials; and (3) Zhang's original asylum application contained no reference to authorities physically abusing Zhang.

It cannot be said that the inconsistencies cited by the IJ were incidental or ancillary. Rather, they went "to the heart of [Zhang's] asylum claim," namely, the persecution Zhang allegedly faced and would face in the future. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 182 (2d Cir.2004).

730

Zhang's inability to testify confidently about the Chinese authorities' continued actions to apprehend him significantly undermined his claim that he would face persecution if forced to return. For example, Zhang's answers with regard to when the authorities last searched for him changed according to who asked the question, as Zhang supplied a different answer to the Government and to the IJ.

Furthermore, Zhang gave inconsistent and confusing testimony with respect to the alleged beating he received by two Government officials and whether his employee assisted in breaking up the melee. For example, Zhang once stated that his employee, Qi Wei Wang, interceded, but also stated that he did not. In addition, as the IJ noted, Wang's letter made no mention of the incident.

Lastly, Zhang failed to challenge the IJ's denial of his CAT claim before the BIA. As with any appeal, claims must have been raised before the BIA to be entitled to review in this Court. *See Qui Guan Di Zhang v. INS*, 274 F.3d 103, 107 (2d Cir.2001) (litigant generally not entitled to judicial review of contentions not argued before the BIA); 8 U.S.C. § 1252(d)(1) (petitioners must have exhausted all administrative remedies).

We have considered all of the petitioner's claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, the pending motions for a stay of removal and referral to the Court's Civil Appeals Management Plan are DENIED as moot.