**JI ZU SHI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 03–40573–ag.**

United States Court of Appeals, Second Circuit.

May 3, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Ji Zu Shi, New York, New York, for Petitioner.

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

David R. Dugas, U.S. Atty., Middle District of Louisiana, John G. Gaupp, Catherine M. Maraist, Asst. U.S. Attys., Baton Rouge, Louisiana, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Ji Zu Shi petitions for review of the September 2003 order of the BIA affirming the decision of Immigration Judge ("IJ") Opaciuch to deny his application for asylum, withholding of removal and relief under the Convention against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed.

Shi contends that the IJ's adverse credibility determination was not supported by substantial evidence and that the IJ erred in finding that he had failed to establish past persecution or a well-founded fear of future persecution.

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in

dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ The IJ's adverse credibility determination was supported by substantial evidence. First, the IJ properly found a material inconsistency between Shi's testimony and the statements made at the airport interview. Where discrepancies arise from an applicant's statements in an airport interview, this Court will closely examine the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ramsameachire*, 357 F.3d at 179. Here, the record of the airport interview contains a short transcript that appears to be complete, the officer specifically asked if Shi had been persecuted by or had difficulties with the authorities in China, and Shi appeared to be willing to answer questions. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396 (2d Cir.2005).

The IJ was troubled by the fact that, contrary to his written application and testimony, Shi had told the immigration official at the airport that he had come to the United States in order to seek better employment and that he had not been harmed or mistreated by the Chinese authorities. When offered an opportunity to explain the discrepancy, Shi adamantly asserted that he had not given those answers, and, in fact, had not even been asked those questions. Since this assertion is belied by the record, Shi's explanation was properly rejected and the IJ correctly found a material inconsistency. Any minor errors in the IJ's credibility analysis on other points do not undermine our confidence that the IJ would reach the same result on remand without these errors; the credibility finding was therefore proper. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 159, 162 (2d Cir.2006).

Due to the propriety of the adverse credibility finding, this Court need not review the remaining findings of the IJ. The BIA correctly affirmed the IJ's denial of Shi's asylum claim.

■ Shi failed to challenge before the BIA the IJ's denial of his application for withholding of removal and relief under CAT. As with any appeal, claims must have been raised before the BIA to be entitled to review in this Court. *See Qui Guan Di Zhang v. INS*, 274 F.3d 103, 107 (2d Cir.2001) (litigant generally not entitled to judicial review of contentions not argued before the BIA); 8 U.S.C. § 1252(d)(1) (petitioners must have exhausted all administrative remedies).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).