**YUN YING ZHANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–2332–ag.**

United States Court of Appeals,
Second Circuit.

May 19, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**40**

Liu Yu, New York, New York, for Petitioner.

Reginald I. Lloyd, United States Attorney for the District of South Carolina, Robert F. Daley, Jr., Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yun Ying Zhang petitions for review of the BIA April 28, 2005 decision adopting and affirming the decision of Immigration Judge ("IJ") Brigitte LaForest denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Where a factual determination rests on a credibility finding, the Court "afford[s] particular deference in applying the substantial evidence standard." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) (internal quotations omitted). The IJ's " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Here, the IJ's adverse credibility determination is supported by substantial evidence. The IJ reasonably found that Zhang's contradictory testimony regarding the date she allegedly discovered that she was pregnant, as well as her hesitancy in recalling the "due date" of her pregnancy, substantially undermined her overall credibility. *See id.* (noting that, where an IJ's adverse credibility determination is based on specific examples in the record of contradictory evidence, this Court will generally not be able to conclude that a reasonable adjudicator was compelled to find

otherwise). Similarly, the BIA reasonably relied upon the "glaring" inconsistencies in Zhang's airport statement, credible fear interview, application and testimony. These inconsistencies were material and central to Zhang's claim. Although Zhang has, in her brief to this Court, provided an explanation for some of the inconsistencies, she has not shown that "any reasonable adjudicator" would be compelled to accept her explanation and conclude that she had testified credibly. *See* 8 U.S.C. § 1252(b)(4)(B).

■ Second, we decline to consider Zhang's claims that the IJ and BIA improperly relied on the inconsistencies in her airport statement, credible fear interview, application and testimony because Zhang did not challenge, or even mention, this portion of the IJ's decision in her appeal to the BIA. *See Qui Guan Di Zhang v. INS*, 274 F.3d 103, 107 (2d Cir. 2001) (litigant not entitled to judicial review of contentions not argued before the BIA); 8 U.S.C. § 1252(d)(1) (petitioners must exhaust all administrative remedies). Likewise, because Zhang has not, in her brief in support of her present petition, raised any challenge to the IJ's finding that her testimony was inconsistent with respect to whether the alleged abortion was a surgical procedure, she has waived this claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005) (issues not raised in a petitioner's brief are deemed to have been waived).

■ Accordingly, Zhang has not demonstrated that the IJ erred in concluding that she had not testified credibly or established eligibility for asylum. For the same reasons, Zhang is unable to show the objective likelihood of persecution needed to make out an asylum claim and, thus, she is necessarily unable to meet the higher standard for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275

(2d Cir.2003). Additionally, Zhang has not presented any credible evidence that she would be tortured if returned to China so as to warrant CAT relief.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.