**XIU FENG LIU, Petitioner,**

v.

**United States Attorney General, Alberto R. GONZALES,[1] Respondent.**

**No. 04–5283–ag.**

United States Court of Appeals, Second Circuit.

June 2, 2006.

1.  Pursuant to Fed. R.App. P. 43(c)(2), Alberto R. Gonzales, the current Attorney General, is automatically substituted for John Ashcroft, who was originally named as the respondent in this case.

Gary J. Yerman, Esq., New York, NY, for Petitioner.

Rodger A. Heaton, United States Attorney, Central District of Illinois, Patrick J. Chesley, Assistant United States Attorney, Springfield, IL, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

Petitioner, Xiu Feng Liu, petitions for review of a September 16, 2004 order of the Board of Immigration Appeals ("BIA"), affirming the decision of Immigration Judge ("IJ") Roxanne Hladylowycz rejecting Liu's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T. S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

The IJ's findings constituted sufficient specific and cogent reasons to support an adverse credibility finding. The IJ derived her adverse credibility determination from a number of inconsistencies between Liu's testimony and asylum application and her husband's asylum application. With respect to the first incident in February 1987 when family planning officials allegedly dragged Liu from her home and unsuccessfully attempted to sterilize her, the IJ, in pertinent part, pointed out that: (1) Liu, in her asylum application, wrote that government officials came to her home while her husband was with her on February 7, whereas Liu's husband's statement indicated that the event took place on February 11 when he was not home; (2) when confronted with this discrepancy, Liu vacillated and indicated that her husband was in fact home and then, changing her testimony, stated that he was not home; and (3) Liu stated that in February 1987 she was taken to Liangjing and went home alone thereafter, whereas her husband had stated that Liu was taken to Quontao Hospital and he had brought her home from the hospital.

With respect to the second incident in March 1990, when Liu was allegedly sterilized after being dragged from her home by family planning officials, the IJ noted

that although Liu had indicated that her husband was home, his statements indicated that he was not home and when Liu was confronted with this discrepancy, she changed her testimony and stated that he was working.

These inconsistencies were not minor, as they related to the material events comprising the basis for Liu's application and directly impacted on Liu's credibility. For example, with respect to the February 1987 incident, Liu's husband's statement undermines Liu's application with respect to the date of the alleged sterilization attempt, the hospital Liu was taken to, and the witnesses in Liu's home to the event, i.e., the presence of Liu's husband. Therefore, it cannot be said that the inconsistencies cited by the IJ were incidental or ancillary. Rather, they went "to the heart of [Liu's] asylum claim," namely, the factual basis of the persecution Liu allegedly faced due to China's family planning policy. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 182 (2d Cir.2004).

Because the only evidence of a threat to Liu's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

Liu failed to challenge the IJ's denial of her CAT claim before the BIA. As with any appeal, claims must have been raised before the BIA to be entitled to review in this Court. *See Zhang v. INS*, 274 F.3d 103, 107 (2d Cir.2001) (litigant not entitled to judicial review of contentions not argued before the BIA); *Drozd v. INS*, 155 F.3d 81, 91 (2d Cir.1998) (finding argument "waived because it was not raised before ... the BIA"); 8 U.S.C. § 1252(d)(1) (petitioners must have exhausted all administrative remedies).

We have considered all of the petitioner's claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, Liu's pending motion for a stay of removal in this petition is DENIED as moot.