**Manuel VILLAR, Petitioner–Appellant,**

v.

**BOARD OF IMMIGRATION APPEALS, Edward Grant, Board Member, Respondent–Appellee.**

No. 05–3173–pr.

United States Court of Appeals, Second Circuit.

March 14, 2007.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Elliot M. Schachner, Assistant United States Attorney, Brooklyn, NY, for Appellee.

Manuel Villar, Carona, NY, pro se, Petitioner.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB, and Hon. J. CLIFFORD WALLACE,* Circuit Judges.

### SUMMARY ORDER

Manuel Villar, *pro se*, petitions for review of an August 6, 2004 decision of the Board of Immigration Appeals ("BIA") affirming without opinion Immigration Judge ("IJ") Sarah Burr's June 23, 2003 decision denying his motion for continuance of his removal proceedings pending adjudication of his application for adjustment of status. *In re Manuel Villar*, No. A93 270 615 (B.I.A. Aug. 6, 2004), *aff'g* No. A93 270 615 (Immig. Ct. N.Y. City June 23, 2003). We assume the parties' familiarity with the underlying facts and procedural history.

---

* The Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

■ When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). A claim must be raised before the BIA in order to be entitled to review by this Court. *See* 8 U.S.C. § 1252(d)(1); *Qui Guan Di Zhang v. INS*, 274 F.3d 103, 107 (2d Cir.2001). Insofar as Villar argues that he is eligible for adjustment of status pursuant to Immigration and Nationality Act ("INA") § 245(i), this Court is without jurisdiction to consider this claim, as Villar never raised this claim either before the IJ or BIA, and, thus, it remains unexhausted. 8 U.S.C. § 1255(i); *Zhang*, 274 F.3d at 107.

■ Where a petitioner submits new evidence or claims to the BIA while his appeal is pending before the BIA, such claims are generally construed as a motion to remand and are analyzed under the substantive standards applicable to motions to reopen. 8 C.F.R. § 1003.2(c)(4); *Li Yong Cao v. United States Dep't of Justice*, 421 F.3d 149, 156 (2d Cir.2005). Insofar as Villar argues that he is eligible for waiver under INA § 212(h), based on the hardship to his lawful permanent resident wife and children, this claim, which Villar raised only before the BIA, is without merit. 8 U.S.C. § 1182(h). Villar is inadmissible pursuant to INA § 212(a)(7)(A)(i)(I) because he was not in possession of valid entry documents upon his return to the United States, and, thus, he is still considered an arriving alien. 8 U.S.C. § 1182(a). A waiver under § 212(h) does not excuse Villar from the admissibility requirements of § 212(a)(7)(A)(i)(I). 8 U.S.C. § 1182(h). Therefore, Villar is ineligible for waiver under INA § 212(h).

■ The denial of a continuance by an IJ is reviewed for abuse of discretion. *See Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir.2006). This Court reviews factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Under the Legal Immigration Family Equity Act ("LIFE Act"), Pub.L. No. 106–553, 114 Stat. 2762 (2000), an eligible alien may adjust status to become a lawful permanent resident if the following conditions have been met: (1) an application was filed between June 1, 2001 and June 4, 2003; (2) the alien entered the United States before January 1, 1982 and resided here continuously through May 4, 1988; (3) the alien was continuously physically present in the United States between November 6, 1986 and May 4, 1988; and (4) the alien is not inadmissible under any of the provisions of INA § 212(a), including not having been convicted of a felony. *See* 8 C.F.R. § 245a.11. In this case, the IJ reasonably denied Villar's motion for a continuance pending the resolution of his application for adjustment of status under the LIFE Act, because Villar was ineligible for adjustment under this Act, as he had previously been convicted of a felony. Thus, Villar's application under the LIFE Act was futile and there is no indication that the IJ abused her discretion in denying Villar's motion for a continuance pending resolution of his application for adjustment of status. Insofar as Villar argues that the IJ incorrectly found that he had not entered the United States prior to 1988, documentary evidence relied upon by the IJ shows that Villar entered the United States for the first time in 1988, Villar did not present evidence to the contrary, and, thus, the IJ's findings were not unreasonable and were supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED.