**Yi Hua ZHENG, Petitioner,**

v.

**United States Attorney General Alberto R. GONZALES,[1] Respondent.**

**No. 04–2474–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 27, 2006.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

**32**

Karen Jaffe, New York, New York, for Petitioner.

Roslyn R. Mauskopf, United States Attorney, Eastern District of New York, Susan Corkery, Assistant United States Attorney, Brooklyn, New York, Lawrence P. Ferazani, Jr., Assistant United States Attorney, Brooklyn, New York, for Respondent.

Present: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

Petitioner Yi Hua Zheng, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA"), dated April 26, 2004, affirming the decision of the Immigration Judge ("IJ"). The IJ rejected the petitioner's applications for asylum and withholding of removal under the Immigration and Na-tionality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where the BIA summarily affirms any part of the IJ's decision, "it is appropriate . . . to review [that part of] the decision of the IJ directly." *Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 305 (2d Cir. 2003). Here, the BIA properly affirmed the IJ's decision. With regard to the asylum claim, substantial evidence supports the finding that Zheng's testimony was incredible. While an applicant's failure to list in the application every detail that later emerges in his or her testimony should not prove fatal to credibility, *see Secaida–Rosales*, 331 F.3d at 308, the omissions in Zheng's case concerned events that went to the heart of his asylum claim. *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir.2005) *(per curiam)*. In this case, the IJ found that an essential factual allegation underlying petitioner's asylum claim—that he distributed leaflets in protest of his sister's forced abortion—was omitted from Zheng's 1992 asylum application and from his airport interview. Zheng's omission was not incidental or ancillary; the alleged sterilization and his distribution of leaflets in response went "to the heart of his asylum claim," as it comprised the basis of his application. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 182 (2d Cir.2004). In addition, the IJ explained that when Zheng first arrived in the United States, he claimed that his support for the student movement prompted his flight to the United States, not any experience relating to China's family plan-

ning policy. This inconsistency likewise goes to the heart of Zheng's claim.

 Zheng failed to establish that if he were returned to China, he would more likely than not face persecution. To prevail on that ground, Zheng was required to offer credible, specific, and detailed evidence that his well-founded fear is either of forcible sterilization or of some other sort of persecution based on resistance to China's family planning policies. *Huang v. INS*, 421 F.3d 125, 128 (2d Cir.2005) (*per curiam*). The IJ did not err in determining that Zheng had failed to meet this burden.

Because Zheng was ineligible for asylum, the IJ concluded that he could not meet the higher burden of establishing eligibility for withholding of removal. *See Secaida–Rosales*, 331 F.3d at 306. Lastly, Zheng failed to challenge the IJ's denial of his CAT claim before the BIA. As with any appeal, claims must have been raised before the BIA to be entitled to review in this Court. *See Zhang v. INS*, 274 F.3d 103, 107 (2d Cir.2001) (litigant not entitled to judicial review of contentions not argued before the BIA); *Drozd v. INS*, 155 F.3d 81, 91 (2d Cir.1998) (finding argument "waived because it was not raised before ... the BIA"); 8 U.S.C. § 1252(d)(1) (petitioners must have exhausted all administrative remedies). Consequently, this Court may not consider Zheng's CAT claim.

We have considered all of the petitioner's claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).