Jiang HUI, Petitioner,

v.

UNITED STATES ATTORNEY GENERAL, Respondent.

No. 04–5684–AG NAC.

United States Court of Appeals, Second Circuit.

March 31, 2006.

Gang Zhou, New York, New York, for Petitioner.

Jonathan S. Gasser, United States Attorney for the District of South Carolina, Marvin J. Caughman, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Jiang Hui, through counsel, petitions this Court for review of the BIA decision affirming, without opinion, the decision of an immigration judge ("IJ") denying his application for asylum.[1] We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA summarily affirms the decision of the IJ without issuing an opinion this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, for substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

■ Here, there was substantial evidence supporting the IJ's finding that Hui's testimony regarding his practice of Christianity and support of Falun Gong to be non-credible based on implausibilities and inconsistencies in important parts of that testimony. *See Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*) (noting that an adverse credibility finding based on "inconsistent statements ... or on contradictory evidence or inherently improbable testimony" generally prevents a reviewing court from concluding the factfinder was incorrect). Specifically, the relevant dates Hui provided in his testimony were entirely inconsistent with the dates included in the letters submitted by his mother and friend. Further, the IJ correctly determined that it was implausible that Hui had departed China based on the treatment his friend suffered for support-

---

1. Hui also requested withholding of removal and Convention Against Torture ("CAT") relief. However, because Hui did not raise these issues before the BIA, or in his petition for review in this Court, the claims are waived. *See Qui Guan Di Zhang v. INS,* 274 F.3d 103, 107 (2d Cir.2001) (explaining that a litigant is not entitled to judicial review of contentions not argued before the BIA); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 7 (2d Cir.2005) (finding that issues not sufficiently raised in appellate brief are deemed waived).

ing Falun Gong, as Hui had also contended that he departed China one week before his friend was even arrested.

■ Additionally, despite Hui's contention to the contrary, the IJ reasonably determined that Hui's application was frivolous, under 8 U.S.C. § 1158(d)(6). The Immigration and Nationality Act ("INA") provides that:

> [i]f the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received the notice [of the consequences of filing a frivolous application], the alien shall be permanently ineligible for any benefits under [the INA], effective as of the date of a final determination on such application.

8 U.S.C. § 1158(d)(6). The regulations provide that an application is frivolous where "any of its material elements are deliberately fabricated." 8 C.F.R. § 208.20. A finding that an application is frivolous can be made only if the IJ has provided the applicant with sufficient opportunity "to account for any discrepancies or implausible aspects of the claim." *Id.; see also Farah v. Ashcroft,* 348 F.3d 1153, 1156–58 (9th Cir.2003) (reversing the decision of an IJ where the applicant was not given sufficient opportunity to explain inconsistencies). The Third Circuit has cautioned that, while inconsistencies in an application are relevant to a credibility finding, inconsistencies, alone, "do not equate to a frivolousness finding under 8 U.S.C. § 1158(d)(6)." *Muhanna v. Gonzales,* 399 F.3d 582, 589 (3d Cir.2005). According to that court, the inconsistencies in the application should be reviewed in the context of the applicant's entire testimony and submitted documentation. *Id.*

Here, as required by the statute, the IJ informed Hui of the consequences of filing a frivolous application, and provided sufficient opportunities for Hui to explain the numerous inconsistencies between his application and testimony. Further, the IJ explained that he had reviewed the record as a whole before determining that the application was frivolous, and, contrary to Hui's argument, the IJ made a specific finding that Hui's claim that he was a Christian supporter of the Falun Gong was fabricated. Because this claim served as the sole basis for Hui's application, it clearly was material to his application. *See Muhanna,* 399 F.3d at 589.

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).