**Jian De CHEN, A 79–414–902 Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 04–5924–AG NAC.

United States Court of Appeals, Second Circuit.

April 5, 2006.

David X. Feng, New York, New York, for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North

Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

SUMMARY ORDER

Jain De Chen, through counsel, petition for review of the BIA's October 2004 decision adopting and affirming the decision of Immigration Judge John Opaciuch ("IJ") denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case and hold as follows.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). In the present case, the BIA indicated that it adopted and affirmed the IJ's decision in its entirety and noted, *inter alia,* that it agreed with the IJ's determination that Chen had not satisfied his burden of proof. Notwithstanding that the BIA made additional alternate findings, this Court may review the IJ's decision directly. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir. 2006) (finding that since the BIA "adopt[ed] and affirm[ed]" the entirety of the IJ's decision, the Court "may review that decision, and need not confine [its] review to the BIA's alternative grounds for denying relief").

This Court reviews an IJ's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales,*

331 F.3d at at 307 (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Credibility determinations are also typically reviewed under the substantial evidence standard of review, and this Court's review of an adverse credibility determination is "highly deferential." *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*). This Court has observed that "[a] fact-finder who assesses testimony together with witness demeanor is in the best position to discern, often at a glance, whether a question that may appear poorly worded on a printed page was, in fact, confusing or well understood by those who heard it; whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'; and whether inconsistent responses are the product of innocent error or intentional falsehood." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

In the present case, the IJ's finding that Chen had not sustained his burden of proof was based on the IJ's conclusions that Chen had not testified credibly and had not corroborated his claims. Substantial evidence supports the IJ's adverse credibility finding. Contrary to Chen's assertion in this Court, the IJ did not base his adverse credibility finding solely on his determination that Chen's asylum application was vague, but rather on the lack of detail in Chen's testimony, his observations of Chen's demeanor during cross-examination, and discrepancies between Chen's testimony and asylum application. Although the IJ's conclusion that Chen's testimony was "general and meager" is not alone sufficient to sustain the adverse credibility finding, substantial evidence supports the IJ's remaining reasons for concluding that Chen had not testified credibly. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005)

(finding that, where an applicant's testimony is spare yet specific and detailed enough to support the essential elements of the applicant's claim, the IJ or the Government may fairly wonder whether the testimony is fabricated and may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility).

As the IJ correctly observed, although Chen claimed during cross-examination that the police had searched his cousin's home in Shanghai after Chen fled China, Chen had not mentioned this incident in his asylum application or direct testimony even though such information would be material to his claims. Furthermore, a review of the transcript of the removal hearing confirms that, when the IJ questioned Chen as to whether it would be possible to contact his cousin, who presumably could substantiate Chen's claims, Chen become evasive, stating, *inter alia,* that his cousin lived "everywhere" and claiming, for the first time, that his cousin had been forced to move to avoid "get[ting] into trouble because of [Chen]."

In his present petition, Chen has not addressed the IJ's findings with respect to his demeanor and has not provided any explanation for his failure to include in his asylum application his claims regarding the contact his cousin allegedly had with the police. Indeed, Chen erroneously claims that the IJ did not identify any inconsistencies between his application and testimony. Moreover, the Government correctly observes that, in contrast to Chen's testimony during his direct examination, Chen's responses to the Government's and IJ's questions during cross-examination were halting and, at times, unresponsive. Thus, the IJ's findings with respect to Chen's demeanor during cross-examination have a supportable basis in the record and, given the level of deference accorded to the IJ's assessment of Chen's testimony, are sufficient to sustain the adverse credibility finding.

Moreover, substantial evidence supports the IJ's finding that the documentation submitted by Chen did not sufficiently corroborate his claims. As the IJ correctly observed, the statement purportedly from Chen's mother did not provide a detailed account of the events leading to Chen's flight from China and did not indicate the dates on which any of the incidents described allegedly occurred. Accordingly, given Chen's demeanor during cross-examination, the discrepancies between Chen's testimony and asylum application, and Chen's failure to sufficiently corroborate his claims, the IJ properly concluded that Chen had failed to sustain his burden of demonstrating eligibility for asylum.[1] Although Chen argues, in a conclusory manner, that the IJ was prejudiced against him, he has not presented any evidence in support of that claim.

To the extent that Chen now argues that the IJ incorrectly denied his applications for withholding of removal and CAT relief, this Court declines to consider

---

1. It should be noted that, because the IJ did not provide Chen with an opportunity to explain why he failed to present documentation from the student organization, the IJ erred in concluding that Chen had failed to sufficiently corroborate his claims on that basis. *See Diallo,* 232 F.3d at 289 (providing that, to turn down a refugee candidate for want of sufficient corroboration, the IJ must also assess the applicant's reasons for not furnishing the corroboration at issue). However, given that substantial evidence supports the IJ's adverse credibility finding and conclusion that Chen had not satisfied his burden of proof, this error was harmless and remand to the BIA is unnecessary. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir. 2005) (finding that, where an adverse credibility determination is based, in part, on flawed grounds, remand is not required if the IJ rests his or her determination on an acceptable independent basis).

these claims because Chen did not raise the claims in his appeal to the BIA. *See Qui Guan Di Zhang v. INS*, 274 F.3d 103, 107 (2d Cir.2001) (litigant not entitled to judicial review of contentions not argued before the BIA); 8 U.S.C. § 1252(d)(1) (petitioners must have exhausted all administrative remedies).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).