**AI XIANG LI, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–2875–AG.

United States Court of Appeals,
Second Circuit.

April 7, 2006.

Michael Brown, New York, New York, for Petitioner.

Paul M. Warner, Unites States Attorney for the District of Utah, Dustin Pead, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ai Xiang Li, through counsel, petitions for review of the BIA's May 2005 decision summarily affirming the decision of an immigration judge ("IJ") denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case and hold as follows.

Where, as here, the BIA has affirmed the IJ's decision without an opinion, the Court reviews the IJ's decision directly under a "substantial evidence" standard. *See Yu Shen Zhang v. U.S. Dep't of Jus-*tice, 362 F.3d 155, 158–59 (2d Cir.2004); 8 C.F.R. § 1003.1(e)(4) (setting forth procedures for affirmance without opinion). Where a factual determination rests on a credibility finding, the Court "afford[s] particular deference in applying the substantial evidence standard." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004) (internal quotations omitted). However, in rejecting an applicant's testimony, an IJ must provide "specific, cogent reasons" that "bear a legitimate nexus to the finding," and an IJ cannot base an adverse credibility determination on speculation or an incorrect analysis of the testimony. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted).

■ In the present case, the IJ's adverse credibility determination is supported by substantial evidence. First, as the IJ correctly observed, Li's indication in her asylum application that she had lived at the same residence in Changbing from her birth until May 2002, when she fled China, was inconsistent with her claim that, in May 2001, she had gone into hiding at the home of a friend in Fuqing. Second, the IJ properly found that Li's documentary evidence undermined her claim that she had been employed by the Changbing village. As the IJ correctly noted, Li's household registration, which had been issued in March 2001, one month after Li had allegedly commenced her employment with the village, indicated that Li's occupation was that of a student. Third, the IJ found that Li's testimony was implausible with respect to her departure from China. Although Li testified on cross-examination that she had presented a passport that bore her own name and photograph upon departing China, when questioned as to why, if she was indeed wanted for violation of the family planning policies, Chinese immigration officials had not detained her, Li claimed that she had been able to exit

the country because she was in disguise. Where an "IJ's adverse credibility finding is based on specific examples in the record of . . . 'inherently improbable testimony,' . . . a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang*, 386 F.3d at 74 (further citation omitted).

Further, although the IJ may have engaged in improper speculation when stating that the sole purpose of a notarial birth certificate was to permit international travel and the issuance of Li's notarial birth certificate in June 1999 indicated that "[Li] was planning on leaving China way before the alleged events of 2001," remand is not required here because substantial evidence supports the IJ's aforementioned bases for finding Li's testimony incredible. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005) (finding that, where an adverse credibility determination is based, in part, on flawed grounds, remand is not required if the IJ rests his or her determination on an acceptable independent basis).

■■■ With respect to Li's argument that the IJ had failed to consider the Country Report in denying her application, we decline to consider the argument because Li did not raise it in her appeal to the BIA. *See Zhang v. INS*, 274 F.3d 103, 107 (2d Cir.2001) (litigant not entitled to judicial review of contentions not argued before the BIA); 8 U.S.C. § 1252(d)(1) (petitioners must exhaust all administrative remedies). However, even if we were to conclude that the claim was properly before us, we would conclude that the IJ's failure to explicitly mention the Country Report does not necessarily warrant the conclusion that the IJ ignored that evidence, *see Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 344 (2d Cir.2006). In any event, any error here was harmless, since substantial evidence otherwise sup-

ports the IJ's adverse credibility determination. Additionally, for the reasons stated in the IJ's decision, the IJ properly rejected Li's claims that she feared returning to China (1) because she owed money to various unidentified individuals and (2) because she wanted to have a family at some point in the future, and, therefore, would potentially be subjected to the Chinese family planning policies. As the IJ correctly observed, Li did not present any evidence at her removal hearing, nor does she contend in this Court, that the individuals to whom she is allegedly indebted are Chinese government officials or persons that the Chinese government cannot or will not control. Further, Li's claim that she may eventually be persecuted for violation of the family planning policies is entirely speculative. Thus, Li has not demonstrated any basis for asylum relief, and the BIA did not err in affirming the IJ's decision without opinion.

■■■ Accordingly, because Li is unable to show the objective likelihood of persecution needed to make out an asylum claim, she is necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal; the IJ properly denied her request for that relief. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Moreover, as Li has not raised any challenges to the IJ's denial of CAT relief, that claim is deemed waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (providing that, where an applicant does not sufficiently address the agency's denial of CAT relief in his or her petition for review, the claim is deemed to be waived).

For the foregoing reasons, the petition for review is DENIED.