**XIE QIN CHEN, Petitioner,**

v.

**Alberto R. GONZALES,\* United States Attorney General, Respondent.**

**No. 04–4986–ag.**

United States Court of Appeals, Second Circuit.

April 12, 2006.

---

\* Pursuant to Federal Rule of Appellate Proce-

dure 43(c)(2), Attorney General Alberto R.

Gang Zhou, New York, New York, for Petitioner.

Patrick L. Meehan, United States Attorney for the Northern District of Ohio, Richard J. French, Christine E. Sykes, Assistant United States Attorneys, Cleveland, Ohio, for Respondent.

Present: Honorable AMALYA L. KEARSE, Honorable CHESTER J. STRAUB, and Honorable ROSEMARY S. POOLER, Circuit Judges.

### *SUMMARY ORDER*

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 12th day of April, two thousand six.

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the petition for review of the decision of the Board of Immigration Appeals ("BIA") be and it hereby is DE-NIED.

Petitioner Xie Qin Chen, through counsel, petitions for review of the August 24, 2004 BIA decision affirming the decision of the immigration judge ("IJ") denying his applications for asylum, withholding of re-

Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

moval, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA has summarily adopted or affirmed the IJ decision without opinion, this Court reviews the IJ's decision. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). While we review the IJ's applications of law *de novo, see, e.g., Ramsameachire v. Ashcroft,* 357 F.3d 169, 177–78 (2d Cir.2004), we review the factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Attorney General,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claims of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* at 74 (internal quotation marks omitted); *see, e.g., Zhou Yi Ni v. U.S. Dep't of Justice,* 424 F.3d 172, 174 (2d Cir.2005) (where an adverse credibility determination is based on specific examples of contradictory evidence that undermine the crux of the claim, the determination should be upheld).

■ The IJ denied Chen's applications on the ground that she found Chen's testimony not credible, largely because it contradicted his documentary evidence. Substantial evidence supports that finding. For example, although Chen testified that his girlfriend, at the time of her forced abortion, was eight months pregnant, his girlfriend wrote that she was four months pregnant. Although Chen testified that his girlfriend discovered the pregnancy in May 1999, his girlfriend wrote that she discovered the pregnancy at the end of 1999. Although Chen testified that his engagement party took place on January 23, 2000, his girlfriend wrote that it took place on January 1. Although Chen testified that he was unaware of any scheduled wedding date, a letter from his father's friend stated that the wedding had been scheduled for February 7, 2000. These inconsistencies were not incidental or ancillary, but rather went "to the heart of [Chen's] asylum claim." *Ramsameachire v. Ashcroft,* 357 F.3d at 182. Moreover, when the IJ confronted Chen with the discrepancy as to how far along his girlfriend's pregnancy was when she was forced to undergo an abortion, Chen failed to offer a plausible explanation for this discrepancy. Thus, we cannot conclude that a reasonable adjudicator would be compelled to credit Chen's testimony.

■ We similarly reject Chen's challenge to the IJ's denial of withholding of removal. Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see Zhou Yun Zhang v. INS,* 386 F.3d. at 71, an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country, 8 U.S.C. § 1231(b)(3)(A).

■ Finally, Chen asks this Court to grant him relief under CAT. However, because he did not seek such relief before the BIA, we have no jurisdiction to grant that relief. *See* 8 U.S.C. § 1252(d)(1) (2000); *Qui Guan Di Zhang v. INS,* 274 F.3d 103, 107 (2d Cir.2001) ("[A] litigant is generally not entitled to judicial review of a contention not argued to the B[IA].").

206

We have considered all of petitioner's contentions in support of this petition for review and have found them to be without merit. The petition for review is denied.

Chen's pending motion for a stay of removal is denied as moot.