**Md. Rabiul ALAM, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–5091–ag.

United States Court of Appeals, Second Circuit.

April 25, 2006.

Salim Sheikh, New York, New York, for Petitioner.

Lisa Godbey Wood, United States Attorney for the District of Georgiai, Melissa S. Mundell, Assistant United States Attorney, Savannah, Georgia, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Md. Alam Rabiul, though counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Noel Ferris denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA rejects a portion of the IJ's decision, while affirming the remainder of the decision, we review the IJ's decision as modified by the BIA decision. See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir.2005). Thus, in the present case, because the BIA sustained the IJ's adverse credibility finding only with respect to the IJ's conclusion that Alam had presented fraudulent documents material to his application, we review only this portion of the IJ's decision.

Where a factual determination rests on a credibility finding, we "afford particular deference in applying the substantial evidence standard." Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004) (internal quotation marks omitted). However, "the fact that the BIA has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). In rejecting an applicant's testimony, an IJ must provide "specific, cogent reasons" that "bear a legitimate nexus to the finding," and an IJ cannot base an adverse credibility determination on speculation or an incorrect analysis of the testimony. Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted).

Here, the IJ's adverse credibility determination, as modified by the BIA, is supported by substantial evidence. First, the IJ and BIA correctly concluded that, absent a satisfactory explanation or rebuttal by Alam of a consular report that stated that documents submitted by Alam were fraudulant, that report impeached Alam's credibility. See Borovikova v. U.S. Dep't of Justice, 435 F.3d 151, 157–58 (2d Cir. 2006). The BIA considered the evidence submitted by Alam to rebut the consular report and found that this evidence was not sufficiently persuasive. See 8 U.S.C. § 1252(b)(4)(B) (requiring our acceptance of IJ's factual findings on appeal "unless any reasonable adjudicator would be compelled to conclude to the contrary").

Additionally, the Court rejects Alam's claim that the report was of limited value because the credentials and expertise of the consular investigator, Scott K. Earle, were unknown. Because Alam did not provide satisfactory rebuttal evidence, the BIA and IJ did not err in crediting the statement of Earle, a United States employee working at the United States Embassy in Dhaka, Bangladesh, concerning the authenticity of Alam's Bangladeshi documents. See Borovikova, 435 F.3d at 157. Accordingly, Alam has not demonstrated that he has a well-founded fear of persecution if returned to Bangladesh and

he, thus, is not entitled to asylum. Because Alam is unable to show the objective likelihood of persecution needed to make out an asylum claim, he is necessarily unable to meet the higher standard for withholding of removal and the BIA properly denied his request for that relief. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

Finally, as Alam did not challenge the IJ's denial of his CAT claim in his appeal to the BIA, the Court declines to consider Alam's arguments in support of his request for CAT relief. *See Qui Guan Di Zhang v. INS,* 274 F.3d 103, 107 (2d Cir. 2001) (litigant not entitled to judicial review of contentions not argued before the BIA); 8 U.S.C. § 1252(d)(1) (petitioners must exhaust all administrative remedies).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).