in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**QI LIAN LI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

**No. 05–2507–ag.**

United States Court of Appeals,
Second Circuit.

Oct. 6, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

Allison D. Penn (Neil M. Corwin, on the brief), for Michael J. Garcia, United States Attorney, Southern District of New York, NY, for Respondent.

PRESENT: GUIDO CALABRESI, REENA RAGGI, RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Qi Lian Li, though counsel, petitions for review of the BIA decision adopting and affirming the decision of an immigration judge ("IJ") denying her motion to reopen her removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the agency has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265

F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion by denying Li's motion to reopen. Where a claim of ineffective assistance of counsel is alleged as a basis for a motion to reopen, the petitioner's Fifth Amendment right is violated only if counsel's performance is so poor as to impinge on the fundamental fairness of the proceedings. *See Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46 (2d Cir.2005). A petitioner must show that competent counsel would have acted otherwise and that he was prejudiced by counsel's performance. *See Rabiu v. INS,* 41 F.3d 879, 882–83 (2d Cir.1994). The BIA gave a rational basis for the denial of the motion: petitioner failed to show how counsel's actions prejudiced her case. Specifically, Li conceded that the IJ denied asylum and withholding based on her lack of credibility due to her acknowledged false testimony at the hearing. In any event, a motion to reopen based on grounds other than changed circumstances must be filed within ninety days after the final administrative order. *See* 8 C.F.R. § 1003.2. Given the five year gap between the IJ's removal order and Li's motion to reopen, the IJ's and BIA's refusal to find that delay excusable is not an abuse of discretion, as the only explanation that Li gave for such a delay was that the travel agency told her not to appeal her case.

With respect to Li's argument regarding changed circumstances, the Aird affidavit is not relevant in this case as it has no effect on the IJ's underlying credibility finding, which this Court does not have the authority to review as no timely petition for review was filed from the IJ's March 1999 decision. *See Ke Zhen Zhao,* 265 F.3d at 90. Because the BIA's reference to Li's unexplained false testimony affords a rational explanation for its discretionary refusal to reopen the proceedings, we identify no abuse of discretion. Moreover, be-cause Li did not present her argument regarding changed country conditions to the BIA, that argument cannot be raised in this court. *See Qui Guan Di Zhang v. INS,* 274 F.3d 103, 107 (2d Cir.2001) (claims must be raised before the BIA to be entitled to review in this Court).

For the foregoing reasons, the petition for review is DENIED. Having complet-ed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).